IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-30055-WDS |
| ) | |
| ARTHUR L. RAMSEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit *United States v. Ramsey*, 406 F.3d 426 (7th Cir. 2005), pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005) to determine whether this Court would impose defendant's original sentence had the Sentencing Guidelines been merely advisory. In accordance with *Paladino*, this Court ordered the parties to submit their respective positions on the question whether, in light of the decision of the Supreme Court in *United States v. Booker*, 125 S. Ct. 783 (2005), the defendant's sentence was proper. The court in *Paladino* advised: "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation" or advise the Seventh Circuit of the Court's desire to resentence the defendant. *Id.*

The Court has considered the entire record, including: the briefs filed by counsel; the statutory factors of 18 U.S.C. § 3553(a); the advisory sentencing guidelines; and the reasons for the original sentence imposed in this case. Upon review of the record, the Court finds that a hearing is not warranted in this case and advises the Court of Appeals for the Seventh Circuit that it would impose the same sentence in light of *Booker*.

**FACTUAL BACKGROUND AND COURT'S FINDINGS AT SENTENCING**

The defendant, Arthur L. Ramsey, was charged with assaulting a federal officer with a dangerous weapon (Count 6) and maintaining a drug house by permitting his son to use a mobile

home he leased for sale of crack cocaine (Count 7). He was acquitted on Count 6 and convicted on Count 7. *Ramsey*, 406 F.3d at 428. At sentencing, the Court found the defendant's relevant conduct involved approximately 20.8 grams of crack cocaine, *id.* at 429, which gave him a criminal history category of I, and an offense level of 24. The defendant was sentenced to a term of imprisonment of 54 months. The defendant did not file any objections to the presentence report and the Court adopted the factual statements contained in that report.

  The defendant seeks to have the Court, on remand, reduce his sentence based on the defendant's low criminal history; his age, which presents a low risk of recidivism; his excellent employment history; that he was under duress or coercion in that his son and co-defendant, Robinson, was armed and dangerous and that the defendant tried to convince his son to stop selling drugs; and that the totality of the circumstances would warrant a departure to a non-guidelines sentence. The government, in its response, argues that the defendant's sentence was reasonable and urges the Court to advise the Court of Appeals that it would reimpose the same sentence if the case were to be remanded for resentencing.

  The Court found that the defendant's relevant conduct was more than 20 but less than 35 grams of crack cocaine (Sentencing Tr. at 3.) The Court found that based on the testimony of the witnesses at trial, the defendant's total relevant conduct was 20.8 grams. The Court found credible the following testimony: Daniel Voegele, Dewayne Abrams, and Darin Varner testified to the buy on February 21, which amounted to 0.7 grams of crack cocaine; Kurt Eversmann, Dwayne Abrams and Darin Varner testified about a second buy on February 21, amounting to 0.4 grams of crack cocaine; and Dave Clark, Kurt Eversmann and Dwayne Abrams testified to a purchase on February 22, in the amount of 0.8 grams, and further testified that on February 25, the date that the search warrant was executed, 5.5 grams of crack cocaine were found in the defendant's jacket, and an additional 13.4 grams were found in the vacuum cleaner, for a total amount of 20.8 grams. The Court specifically found that this amount was reasonably forsee-able to the defendant. No mitigating or aggravating evidence was presented at the sentencing

hearing.

The Court took into consideration, at the time of sentencing, the defendant's age, as well as his criminal history, and imposed a sentence that was sufficient to punish the defendant for the crime that he committed as well as to act as a deterrent to others.   The Court found that the defendant's base offense level was a 28, but based on the Court's finding that the defendant did not participate in the underlying controlled substance offense other than allowing his son to use the mobile home, the Court decreased the offense level by 4, pursuant to § 2 D1.8(a)(2), for an adjusted level of 24 with a criminal history category of I.   The range of imprisonment for this level would have been 51-63 months under the Guidelines.   The sentence imposed was 54 months on Count 7, a term of supervised release of two years, fine of $400, and a special assessments of $100.   The 54 month was "toward the low end of the then mandatory  Guideline range." *Ramsey*, 406 F.3d at 434.

## LIMITED REMAND REVIEW

The Seventh Circuit has held that "[A]ny sentence that is properly calculated under the Guidelines is entitled to a  rebuttable presumption of reasonableness."   *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005) (*quoted in United States v. Spano*, No. 03-1110 slip op at 3 (7th Cir. May 9, 2006)).   The defendant may rebut this presumption "by demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a)."  415 F.3d at 608; *United States v. Brock,*  433 F.3d 931, 938 (7th Cir. 2006); *Spano*, slip op at 3.   The language of 18 U.S.C. § 3553(a) provides several factors which are to be considered when imposing a sentence. The guidance given in the statutory language is that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statute. As set forth in the statute, the sentencing court is to consider: (a) The nature and circumstances of the offense and the history and characteristics of the defendant § 3553(a)(1); (b) and the sentence should: reflect the seriousness of the offense, § 3553(a)(2)(A); promote the respect for law, § 3553(a)(2)(A); provide just punishment for the offense, § 3553(a)(2)(A);

afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); protect the public from further crimes of the defendant, § 3553(a)(2)(C); and provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manor, § 3553(a)(2)(D).

The Seventh Circuit has made it clear that post *Booker,* sentencing determinations should be made on a preponderance of the evidence standard. "The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guidelines system has some flexibility in application." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005). Therefore, to the extent that the defendant raises a challenge based on the preponderance of the evidence findings by the Court of the defendant's offense level and criminal history category, the Court rejects those challenges.

At sentencing, this Court gave consideration to the then-in-effect Sentencing Guidelines, the defendant's criminal history, the evidence adduced at trial, including evidence of the amounts of crack cocaine involved in this conspiracy. The Court has considered the sentencing factors set out in 18 U.S.C. § 3553(a), and has reviewed the mitigating evidence and aggravating evidence presented at the time of sentencing. In light of this review, the Court determines that if this matter were remanded for re-sentencing, the Court would impose the same sentence on the defendant.

As previously noted, at the sentencing hearing, the Court determined that the defendant's involvement was more than 20 grams of crack cocaine. The sentence of 54 months was at the low end of the guideline range and reflected the seriousness of defendant's offense, promoted respect for the law, and protected the public from further crimes of this defendant. *See* 18 U.S.C. § 3553(a)(2). The Court has fully considered the nature of this offense, and defendant's personal history and characteristics, and all mitigating evidence in the record. *See id.* at § 3553(a)(1). The Court notes that age and employment history are, under the advisory guidelines, "not ordinarily

relevant" for departing downward.  U.S.S.G. §§ 5H1.1 and 5H1.5.   The defendant's age is not of any additional or significant sentencing measure because he is not an infirm person, and there is nothing in the record to suggest that he would be unable to serve a term of imprisonment. Although the defendant's history of employment is respectable, it does not warrant a lesser term of imprisonment, given the nature of this crime.   Finally, the Court rejects defendant's assertion that there was sustainable evidence that the defendant was coerced by his co-defendant in this case.  The Court of Appeals specifically found "There was ample evidence demonstrating that Ramsey intentionally allowed his son Marrio Robinson to use the mobile home Ramsey leased." 406 F.3d at 433.   Further: "There was no evidence that Robinson coerced his father into allowing Robinson to live there.  Further, Varner. . . testified that he bought crack cocaine from Robinson in a house he shared with Ramsey in Belleville, Illinois, before they moved to the mobile home in Cahokia." *Id.*   The Court **FINDS** that the totality of the circumstances would not warrant a sentence below the now advisory guidelines range.

For the reasons listed above, the Court **FINDS** that the defendant has not overcome the rebuttable presumption that his sentence is reasonable. *See Mykytiuk*, 415 F.3d at 608 ("This is a deferential standard . . . The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)."). Therefore, the Court **FINDS** that if this matter were to be remanded for resentencing, the Court would impose the same sentence previously imposed.

    **IT IS SO ORDERED.**

    **DATED:    May 25, 2006.**

    s/  WILLIAM D. STIEHL
        DISTRICT JUDGE